**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:19-CV-00177-HBB**

**BARBARA TUCKER**                                                                    **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Barbara Tucker ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 19) and Defendant (DN 24) have filed a Fact and Law Summary.   For the reasons that follow, the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14).   By Order entered February 4, 2020 (DN 15), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

1

FINDINGS OF FACT

On August 4, 2016, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 13, 227-33, 234-40).   Plaintiff alleged that she became disabled on April 20, 2013 as a result of arthritis, pain, high blood pressure, muscle spasms, stomach problems, depression, and anxiety (Tr. 13, 255-56).   Administrative Law Judge Greg Holsclaw ("ALJ Holsclaw") conducted a video hearing from Lexington, Kentucky (Tr. 13, 30-33).   Plaintiff and her non-attorney representative, Jeffrey Smith, participated from Campbellsville, Kentucky (Tr. 32-33).   Robert G. Piper, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated November 16, 2018, ALJ Holsclaw evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 13-23).   Before addressing Plaintiff's current applications, ALJ Holsclaw noted that Plaintiff previously filed applications for Disability Insurance Benefits and Supplemental Security Income alleging her disability began April 20, 2013 (Tr. 15, 68).[1]   ALJ Holsclaw noted that as to the earlier applications, Administrative Law Judge Paris ("ALJ Paris") issued an unfavorable decision dated May 8, 2015 (Tr. 15, 68-78).   ALJ Holsclaw observed that in the absence of new and material evidence showing a change in Plaintiff's residual functional capacity (RFC), he was bound by the previous RFC findings of ALJ Paris (Tr. 15-16 citing Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997); Dennard v. Sec'y of Health & Human Serves., 907 F.2d 598 (6th Cir. 1990)).   ALJ Holsclaw explained there is sufficient new and material evidence to require

---

1 Plaintiff filed the earlier applications for Disability Insurance Benefits and Supplemental Security Income on May 14, 2013 (Tr. 68).

some revisions of the previous RFC determination, particularly with new evidence of psychological and breathing problems (Tr. 16). However, ALJ Holsclaw concluded the evidence did not support further reduction of the RFC to the extent that Plaintiff is "disabled" as alleged (Id.).

At the first step, ALJ Holsclaw found Plaintiff has not engaged in substantial gainful activity since April 20, 2013, the alleged onset date (Tr. 15-16).[2] At the second step, ALJ Holsclaw determined that Plaintiff has the following severe impairments: degeneration of the spine, status post motor vehicle collisions in 2013 and in July 2017 with a history of fractures of the pelvis and back; degeneration of the right shoulder; history of dislocation of the right elbow; degeneration of knee; asthma; depression; and anxiety (Id.). ALJ Holsclaw also determined that Plaintiff has the following non-severe impairments: obesity, complaints of abdomen pain, and a history of shingles and staph infection (Id.).

At the third step, ALJ Holsclaw concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 17). Additionally, ALJ Holsclaw explained why Plaintiff did not meet or medically equal Listings 1.02, 1.04, 1.06, 3.03, 12.04, and 12.06 (Tr. 17-18).

At the fourth step, ALJ Holsclaw found that Plaintiff has the RFC to perform less than a full range of light work because of the following exertional and non-exertional limitations: no

---

2 ALJ Holsclaw noted that during the administrative hearing Plaintiff moved to amend the alleged onset date to her 50th birthday which would be December 22, 2015 (Tr. 16). ALJ Holsclaw explained that he did not grant Plaintiff's motion and instead applied administrative *res judicata* to the period already addressed by ALJ Paris's decision, April 20, 2013 through May 8, 2015, and considered the period from May 9, 2015 to the present to leave no period unadjudicated (Tr. 16, 68).

lifting/carrying more than 20 pounds occasionally, and 10 pounds frequently; no standing/walking more than six hours out of an eight-hour day, and for no more than 30 minutes at one time; no sitting more than six hours out of an eight-hour day, and for no more than one hour at a time; can do unlimited pushing/pulling up to the exertional limitations; no more than occasional balancing, stooping, kneeling, crouching, or crawling; no more than occasional climbing of ramps, or stairs, but no climbing of ladders, ropes or scaffolds; no reaching overhead bilaterally; no more than frequent fingering or handling bilaterally; no work in areas of concentrated vibration or use of vibrating hand tools; no work in areas of concentrated dusts, fumes, gases or other pulmonary irritants; no work around dangerous, moving machinery or unprotected heights; no more than simple, routine work; can persist in attention, concentration and pace for two-hour intervals necessary to complete simple tasks; no more than occasional interaction with co-worker or supervisor and no more than occasional contact with the general public; and no more than occasional changes in the workplace setting (Tr. 18).   Additionally, at the fourth step, ALJ Holsclaw relied on testimony from the vocational expert to find that Plaintiff is unable perform any of her past relevant work (Tr. 21).

ALJ Holsclaw proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21-23).   ALJ Holsclaw found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.).   Therefore, ALJ Holsclaw concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 20, 2013 through the date of the decision (Tr. 23).

4

Plaintiff timely filed a request for the Appeals Council to review ALJ Holsclaw's decision (Tr. 224-26).   The Appeals Council denied Plaintiff's request for review (Tr. 1-5).

<u>CONCLUSIONS OF LAW</u>

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695 (6th Cir. 1993); <u>Wyatt v. Sec'y of Health & Human Servs.</u>, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   <u>Landsaw v. Sec'y of Health & Human Servs.</u>, 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Cotton</u>, 2 F.3d at 695 (quoting <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." <u>Cohen v. Sec'y of Health & Human Servs.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of ALJ Holsclaw's decision (Tr. 1-5).   At that point, ALJ Holsclaw's decision became the final decision of the Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).   Thus, the Court will be reviewing ALJ Holsclaw's decision and the evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. § 405(g); 20 C.F.R. § 404.981; <u>Cline v. Comm'r of Soc. Sec.</u>, 96 F.3d 146, 148 (6th Cir. 1996); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, ALJ Holsclaw denied Plaintiff's claim at the fifth step.

Finding No. 5

ALJ Holsclaw's RFC determination is set forth in Finding No. 5 (Tr. 18).   Plaintiff argues substantial evidence in the record does not support the mental and physical limitations set forth in the RFC determination (DN 19; DN 19-1 PageID # 693, 703-06, 706-11).   The Court will begin with Plaintiff's challenge to the mental limitations in ALJ Holsclaw's RFC finding.

1.   Arguments Concerning the ALJ's Mental RFC Finding

The premise of Plaintiff's substantial evidence argument is an Administrative Law Judge's mental RFC determination must be corroborated by at least one medical source statement assessing the functional limitations caused by the claimant's mental impairments (DN 19-1 PageID # 703-06).[3]   Plaintiff reasons because there are no such medical opinions in the record, ALJ Holsclaw's Mental RFC determination cannot be supported by substantial evidence in the record and must be the product of his lay interpretation of raw medical data (Id.).[4]   Plaintiff contends the final decision of the Commissioner must be reversed and this matter remanded to the Commissioner

---

3 Plaintiff explains that district courts within the Sixth Circuit recognize while the determination of RFC is solely an Administrative Law Judge's responsibility, the determination must be supported by at least one medical opinion (DN 19-1 PageID # 703-06, citing Gross v. Comm'r of Soc. Sec., 247 F.Supp.3d 824, 828 (E.D. Mich. 2017); Dillman v. Comm'r of Soc. Sec., 990 F.Supp.2d 787, 795 (S.D. Ohio 2013); Ward v. Astrue, CIVA 09-199GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010); Brown v. Colvin, 5:12-CV-00145, 2013 WL 1703885, at *1 (W.D. Ky. Apr. 19, 2013)).

4 Plaintiff explains the state agency psychological consultants concluded there was insufficient evidence to determine her limitations (Tr. 93, 110, 129, 144) and the consultative psychological examiner, Ollie Dennis, Ed.D., could not determine her limitations due to poor effort (Tr. 423).

with instructions to ALJ Holsclaw to further develop the record by obtaining such a medical opinion before making the mental RFC determination (Id.).

Defendant responds by arguing ALJ Holsclaw's mental RFC finding is supported by substantial evidence and comports with applicable law because it is based on the totality of the evidence of record (DN 24 PageID # 727-32 citing Shirley v. Colvin, 2015 WL 13746570, at *2 (W.D. Ky. Aug. 27, 2015); Hodson v. Comm'r of Soc. Sec., 2018 WL 3326842 at *4 (W.D. Ky. Mar. 1, 2018)).   Defendant points out that ALJ Holsclaw considered the treatment records; considered and assigned partial weight to the report and opinions of Dr. Dennis; considered and assigned little weight to the opinions of the non-examining state agency psychological consultants; and considered other evidence in the record including Plaintiff's own statements regarding her abilities and activities (DN 24 PageID # 727-32).   Defendant points out that Plaintiff fails to explain what is "raw" about the evidence ALJ Holsclaw considered or why it required a medical expert's analysis (Id.).   Defendant asserts that other courts have rejected this boilerplate argument by Plaintiff's counsel (*see e.g.,* Carpenter v. Berryhill, No. 1:16-CV-3059, 2017 WL 6806258, at *10 (N.D. Ohio Dec. 13, 2017); Jones v. Comm'r of Soc. Sec., No. 1:16-CV-68, 2017 WL 5015526, at *9 (E.D. Tenn. Aug. 22, 2017); Makulski v. Berryhill, No. 3:17-CV-128, 2018 WL 2144152, at *6 (E.D. Tenn. May 9, 2018); Lewis v. Comm'r of Soc. Sec., No. 3:17-CV-370, 2018 WL 4688736, at *6 (W.D. Ky. Sept. 28, 2018); Melika v. Soc. Sec. Admin., No. 3:18-CV-00508, 2019 WL 162386, at *4 (M.D. Tenn. Jan. 10, 2019)).   Defendant also points out that Plaintiff's uncooperative behavior frustrated an attempt to obtain a consultative psychological opinion from Dr. Dennis (Id.).

2. Discussion

Plaintiff's argument requires the Court to examine the interrelationship of the claimant's burden of proof through step four and the Administrative Law Judge's duty to fully examine and develop the record.   Generally, the claimant is responsible for providing the evidence that will be used in assessing her RFC.   *See* 20 C.F.R. §§ 404.1512(a), 404.1545(a)(3), 416.912(a), 416.945(a)(3); *see* Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986) (Claimant has the burden of providing evidence complete and detailed enough to enable the Commissioner to make a disability determination.).   Additionally, the claimant bears the burden of proof as to the existence and severity of the limitations caused by her mental and/or physical impairments.   *See* Cruse v. Comm'r Soc. Sec., 502 F.3d 532, 545 (6th Cir. 2007); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003).

The Administrative Law Judge also has certain responsibilities to develop the record. Before assessing a claimant's RFC, the Administrative Law Judge is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [her] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also* 20 C.F.R. §§ 404.1512(b)(1) and (2), 416.912(b)(1) and (2) (explaining the Agency's responsibility for developing the record and obtaining consultative examination).   While the Administrative Law Judge has discretion whether to order a consultative examination[5] or to call a medical expert at

---

5 *See* 20 C.F.R. §§ 404.1512(b)(2), 404.1520b(b), 416.912(b)(2), 416.920b(b); Brown v. Sec'y of Health & Human Servs., No. 89-4000, 1990 WL 121472, at *4-6 (6th Cir. Aug. 22, 1990).

the hearing [6], the Administrative Law Judge's RFC determination must be supported by "substantial evidence" in the administrative record.   Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 877 (6th Cir. 2007).

The RFC finding is an Administrative Law Judge's ultimate determination of what a claimant can still do despite her physical and mental limitations.   *See* 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c); Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) (the Commissioner is ultimately responsible for assessing a claimant's RFC).   The Administrative Law Judge assesses the claimant's RFC based on a consideration of medical opinions and all other evidence in the case record.   20 C.F.R. §§ 404.1513, 404.1529, 404.1545(a)(3), 404.1546(c), 416.913, 416.929, 416.945(a), 416.946(c); Rudd, 531 F. App'x at 728.   Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical opinions in the record.   *See* 20 C.F.R. §§ 404.1513(a), 404.1513a, 404.1527(b) and (c), 404.1529, 404.1545(a), 404.1546, 416.913(a), 416.913a, 416.927(b) and (c), 416.929, 416.945(a), 416.946.

Medical opinions expressing functional limitations imposed by a claimant's physical or mental impairments can be generated by treating physicians or psychologists, consultative examining physicians or psychologists, state agency physicians or psychologists who reviewed the claimant's medical records, or medical experts who testify at hearings before an Administrative Law Judge.   20 C.F.R. §§ 404.1502, 404.1513(a)(2), 404.1513a(b), 404.1527, 404.1545(a)(3),

---

6 Social Security Administration Hearings, Appeals, and Litigation Law Manual § I-2-5-34(A)(2).
https://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-34.html

416.902, 416.913(a)(2), 416.913a(b), 416.927, 416.945(a)(3).[7]   The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source.   20 C.F.R. §§ 404.1527(c); 416.927(c).   If controlling weight is not assigned to the treating source's opinion, the Administrative Law Judge must consider the factors in paragraphs (c)(1)-(6) of this section in deciding how much weight to accord each of the medical opinions in the record, including the medical opinion from the treating source.   20 C.F.R. §§ 404.1527(c); 416.927(c).

In the instant case, there are no medical opinions from a treating source expressing functional limitations imposed by Plaintiff's mental impairments.   There are medical opinions from a consultative examining psychologist, a non-examining state agency psychologist, and a non-examining state agency physician.

In connection with Plaintiff's earlier applications for Disability Insurance Benefits and Supplemental Security Income, the state agency arranged for Ollie C. Dennis, Ed.D., to conduct a consultative psychological evaluation on September 3, 2013 (Tr. 73, 92).   Although Dr. Dennis's report is not part of the administrative record before the Court, ALJ Paris's decision is a part of the record and appears to provide a thorough summary of the report (Tr. 73).   ALJ Paris's decision indicates that Plaintiff's behavior frustrated Dr. Dennis's attempt to conduct a psychological assessment and provide an opinion regarding the type and degree of functional limitations imposed by her mental impairments (Id.).   According to ALJ Paris, Dr. Dennis explained that Plaintiff's

---

7 As Plaintiff filed her applications prior to March 27, 2017, the rules in 20 C.F.R. §§ 404.1527 and 416.927 apply to the ALJ Holsclaw's assignment of weight to the medical opinions in the record.

actual capabilities were unclear because Plaintiff "attempted to give the impression that she was much more limited than she actually was" (Id.).   Dr. Dennis's "[d]iagnostic impression was probably malingering on this examination" and a "Global Assessment of Functioning was unspecified" (Id.).   ALJ Paris gave great weight to the opinions of Dr. Dennis because he produced extensive evidence of malingering (Tr. 75).

In the instant case, the state agency arranged for Dr. Dennis to conduct a consultative psychological evaluation of Plaintiff on November 22, 2016 (Tr. 419-23).   However, Plaintiff's malingering behavior once more frustrated Dr. Dennis's attempt to conduct a psychological assessment and provide an opinion regarding the type and degree of functional limitations imposed by her mental impairments (Id.).[8]   As a result, Dr. Dennis indicated that "[h]er overall capacity to adapt to pressures of normal daily work activity is undetermined" (Id.).

Both reports prepared by Dr. Dennis were part of the administrative record when the non-examining state agency psychological consultant, Kay Barnfield, Psy.D., reviewed the evidence at the initial level and state agency medical consultant, Alex Guerrero, M.D., reviewed the evidence at the reconsideration level (see Tr. 84-94, 101-111, 122-29, 137-44).[9]   They both adopted Dr.

---

8 Regarding social interaction, Dr. Dennis indicated that Plaintiff was not cooperative enough to obtain any useful information (Tr. 422).   As to stress tolerance/deterioration and task completion, Dr. Dennis noted that Plaintiff indicated she was unable to do anything, and she was generally unable to complete even simple tasks without difficulty (Id.).   Given items of the Rey 15 Item Figure Memory Test, Dr. Dennis indicated that Plaintiff was able to recall only one of the fifteen items presented (Id.).   Dr. Dennis explained that a score below ten generally will classify about ninety-three percent of those individuals who provide poor effort; psychiatric inpatients average a score of 13.5; and mildly mentally retarded individuals averaged a score of 9.9 (Tr. 422-23).   Dr. Dennis commented that Plaintiff produced a raw score of one, which was within a range for very limited effort (Tr. 423).   Dr. Dennis also indicated that Plaintiff is "uncooperative and attempts to give the impression that she is much more limited than she actually is" (Id.).

9 As mentioned above, Dr. Dennis's earlier report is not part of the administrative record before the Court.   But the records indicate it was part of the record considered by Drs. Barnfield and Guerrero.

Dennis's diagnosis of malingering (Id.).   Drs. Barnfield and Guerrero also considered office notes

from the Central Kentucky Primary Care addressing treatment of Plaintiff's depression and anxiety

from June 2, 2015 through October 19, 2016 (*see* Tr. 84-94, 101-111, 122-29, 137-44 and Exhibit

B4F at Tr. 374-418).   These office notes indicate Jamie Blakeman, APRN, and two other nurse

practitioners responded to Plaintiff's complaints of depression and anxiety by prescribing,

refilling, and adjusting the dosages of her antidepressant (Wellbutrin XR and Celexa) and

antianxiety (Buspirone) medications (Tr. 374-79, 380-84, 385-90, 391-96, 398-404, 405-11, 412-

18).   Drs. Barnfield and Guerrero concluded there was insufficient evidence to substantiate the

presence of Plaintiff's alleged depression and anxiety (Tr. 84-94, 101-111, 122-29, 137-44).   Dr.

Barnfield expressed her opinion on December 19, 2016 and Dr. Guerrero expressed his opinion on

January 23, 2017 (Id.).

On May 29, 2018, Central Kentucky Primary Care submitted additional records that

include treatment notes from June 13, 2017 through May 4, 2018 (Exhibit B9F Tr. 498-611).   The

treatment notes in Exhibit B9F indicate Ms. Blakeman and two other nurse practitioners responded

to Plaintiff's complaints of depression and anxiety by prescribing, refilling, and adjusting the

dosages of her antidepressant (Wellbutrin XR and Celexa) and antianxiety (Buspirone)

medications (Tr. 510-16, 530-37, 538-44, 545-53, 554-61, 562-70, 571-77).   Additionally, the

treatment notes in Exhibit B9F indicate Plaintiff had positive depression screenings on November

28, 2017, December 21, 2017, March 12, 2018, and May 4, 2018 (Tr. 540-41, 547, 564, 573).   On

November 28, 2017, December 21, 2017, and March 12, 2018, the results of the depression

screenings were "moderate" (Tr. 540-41, 547, 564).

ALJ Holsclaw's decision summarized, in a single sentence, the treatment records from Central Kentucky Primary Care addressing Plaintiff's mental impairments (Tr. 20).   Specifically, he commented "the evidence shows that the claimant was treated regularly for her symptoms (Exhibit B4F/7-11), but she still indicated some occasional irritability, such as when she was with her grandchildren (Exhibit B4F/18-23)" (Tr. 20).   While ALJ Holsclaw provides a reasonably accurate summary of some of the evidence in Exhibit B4F, he made no mention of other pertinent evidence in the Exhibit such as efforts by the nurse practitioners to adjust the dosages of the prescribed medications in response to Plaintiff's comments about their effectiveness.

Even more disturbing is ALJ Holsclaw's complete failure to acknowledge that Exhibit B9F contains more recent treatment information about Plaintiff's mental impairments (Tr. 20).[10]   As mentioned above, the four most recent treatment notes in Exhibit B9F indicate positive depression screenings, three of which show "moderate" results (Tr. 540-41, 547, 564, 573).   The results of these depression screenings and Plaintiff's comments regarding the declining effectiveness of her prescribed medication may suggest a deterioration in Plaintiff's condition despite treating regularly.   Thus, ALJ Holsclaw's silence regarding these relevant treatment records in Exhibit B9F impairs the reviewing Court's ability to assess whether the mental RFC findings are supported by substantial evidence in the record.

ALJ Holsclaw's decision summarized, in a single sentence, Dr. Dennis's report addressing the November 22, 2016 consultative evaluation (Tr. 20).   Specifically, ALJ Holsclaw commented

---

10 ALJ Holsclaw discussion of the treatment notes in Exhibit B9F concerned only Plaintiff's physical impairments (Tr. 16-21).

"the claimant was noted to be uncooperative for testing by displaying poor effort, possibly for secondary gain" (Tr. 20 citing Tr. 419-23).

As for opinion evidence, ALJ Holsclaw gave "little" weight to the opinions of Drs. Barnfield and Guerrero indicating Plaintiff "had no severe psychological impairments" (Tr. 20). ALJ Holsclaw explained "[t]o the contrary, the evidence shows that the claimant was diagnosed with depression and anxiety and that these caused more than a minimal impact on the claimant's ability to do work-related mental activities" (Tr. 20).[11]   But ALJ Holsclaw fails to identify the records he is relying on that support his finding.   Perhaps ALJ Holsclaw relied on the treatment records in Exhibit B9F addressing Plaintiff's depression and anxiety.   Certainly, Drs. Barnfield and Guerrero did not have the opportunity to review them.   But it would be pure speculation by the Court because ALJ Holsclaw's decision is deafeningly silent regarding these treatment records in Exhibit B9F (Tr. 15-21).   Thus, the Court cannot conduct a meaningful review of whether substantial evidence in the record substantiates ALJ Holsclaw's assignment of weight to the opinions of Drs. Barnfield and Guerrero.[12]   *See* 20 C.F.R. §§ 404.1527(c)(3)-(c)(6), 416,927(c)(3)-(c)(6); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013) (opinions from nontreating and nonexamining sources are weighed based on the factors in (c)(1) and (c)(3)-(c)(6)).

---

11  This finding is consistent with ALJ Holsclaw's determination at the second step that Plaintiff's depression and anxiety are severe medically determinable mental impairments that satisfy the duration requirement (Tr. 16 Finding No. 3).   *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

12  Similarly, ALJ Holsclaw fails to identify the records he relies on to make the determination at the second step that Plaintiff's depression and anxiety are severe medically determinable mental impairments that satisfy the duration requirement (Tr. 16 Finding No. 3, Tr. 16-21).   Thus, the Court cannot conduct a meaningful review of whether substantial evidence in the record substantiates ALJ Holsclaw's finding at the second step.

ALJ Holsclaw indicated "partial weight is given to the [November 2016] opinion of [Dr. Dennis], who opined that the claimant had some undetermined limitation on her ability to adapt to pressures of daily work activity, without further explanation" (Tr. 21).[13]  To the contrary, Dr. Dennis substantiated his opinion through testing and he thoroughly explained why Plaintiff's overall capacity to adapt to pressures of normal daily work activity was undetermined (Tr. 419-23).  Thus, ALJ Holsclaw's explanation for the weight assigned to Dr. Dennis's opinion is not supported by substantial evidence in the record and does not comport with applicable law.  *See* 20 C.F.R. §§ 404.1527(c)(3) and (c)(4), 416,927(c)(3) and (c)(4).

At an earlier place in the decision, ALJ Holsclaw found that new and material evidence in the record is sufficient to require some revisions of ALJ Paris's previous RFC determination concerning Plaintiff's psychological problems (Tr. 15-16 citing Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997) and Dennard v. Sec'y of Health & Human Servs., 907 F.2d 598 (6th Cir. 1990)).  But ALJ Holsclaw failed to explicitly identify this new and material evidence and explain how it substantiates his mental RFC finding that Plaintiff's depression and anxiety limit her to performing no more than simple, routine work; she can persist in attention, concentration and pace for two-hour intervals necessary to complete simple tasks; she can have no more than occasional interaction with co-worker or supervisor and no more than occasional contact with the general public; and she can have no more than occasional changes in the workplace setting (Tr. 18 Finding No. 5).  For this reason, the Court cannot conduct a meaningful review of whether ALJ Holsclaw's mental RFC finding is supported by substantial evidence in the record.  In sum,

---

13  ALJ Holsclaw also noted "[Dr. Dennis] has indicated that the claimant had complaints that appeared out-of-proportion, and that the claimant likely exaggerated limitations for the purpose of secondary gain" (Tr. 21).

the above identified omissions by ALJ Holsclaw provide an adequate basis to reverse the final decision of the Commissioner and, pursuant to sentence four of 42 U.S.C. § 405(g), remand the case to the Commissioner with instruction to remedy these defects in the original administrative proceedings.

Considering the above determination, the Court deems it unnecessary to address Plaintiff's claim that substantial evidence does not support ALJ Holsclaw's mental RFC determination because it lacks corroboration by at least one medical opinion.   Additionally, the Court concludes that it is not necessary to address Plaintiff's challenge to ALJ Holsclaw's physical RFC determination.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

September 23, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:          Counsel

17